**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**v.** **Case No. 2:24-cr-00036 KGB**

**ELBERT NICHOLS** **DEFENDANT**

**ORDER**

Defendant Elbert Nichols is scheduled for a jury trial on October 26, 2026. Pending is Nichols's motion to transfer venue to Helena, Arkansas, and brief in support of the motion (Dkt. No. 39). The government filed a response in opposition to the motion (Dkt. No. 41), and Nichols filed a reply brief in support of his motion (Dkt. No. 42). Nichols requests that the jury trial be held at the United States District Courthouse in Helena, Arkansas, rather than at the United States District Courthouse in Little Rock, Arkansas (Dkt. No. 39).[1]

The Court denies the motion (*Id.*). Again, the Court has consulted with counsel for all parties and the United States Marshals Service's staff regarding trial logistics for this matter before changing the trial location. Nichols presses the issue, while conceding as he must that the Sixth Amendment requires trial in the state and district where the crime was committed and while acknowledging that this District is proper (*Id.*, at 1). *United States v. Worthey*, 716 F.3d 1107, 1112 (8th Cir. 2013). Further, he acknowledges that he has no right to be tried in a particular division (*Id.*). *Id.*

The Court has considered the Rule 18 factors in making these determinations each time. The Court rejects Nichols's suggestion that the Rule 18 factors all favor trying this case in Helena,

[1] Helena, Arkansas, is approximately 74 miles from West Memphis, Arkansas, and Little Rock, Arkansas, is approximately 129 miles from West Memphis, Arkansas.

Arkansas. The defendant is in custody; prior to being detained, he resided in Memphis, Tennessee. Although the Court acknowledges that Nichols's family will have to travel to Little Rock for trial, Nichols discloses that his family resides in Memphis, Tennessee, and will be required to travel for trial regardless of where the trial is held (*Id.*, at 4). To date, no party has disclosed to the Court any witnesses likely to be called from in or around the location of these events who would be inconvenienced by traveling to Little Rock, Arkansas, for trial, as opposed to conducting the trial in and traveling to Helena, Arkansas. Nichols suggests that local officers from the West Memphis Police Department, West Memphis Fire Department, and Crittenden County Jail may be witnesses (*Id.*, at 5), but Nichols does not state that these individuals would be unlikely or unwilling to travel for trial in Little Rock, Arkansas, if subpoenaed to do so. The government discloses numerous witnesses it intends to call, all of whom reside in Little Rock, Arkansas, and some of whom will be required to travel and have already been subpoenaed for trial in Little Rock, Arkansas, given this Court's prior determination regarding the location of the trial (Dkt. No. 41, at 3–4). Given how documents are requested, obtained, and disclosed prior to and during trial in this modern age, and specifically whereas here Nichols himself identifies only documents held and maintained by the "West Memphis Police Department, West Memphis Fire Department, and Crittenden County Clerk's Office" as being at issue, the Court is not persuaded by an argument regarding the proximity of documents and physical evidence weighing in favor of trial in Helena, Arkansas, as opposed to trial in Little Rock, Arkansas (Dkt. No. 39, at 6).

The Court is aware of no specific argument made by Nichols regarding the prompt administration of justice in this case, as the Court has worked with all counsel in an effort to set this matter promptly for jury trial. The only specific argument made with respect to this factor is made by the government seeking to try this case in Little Rock, Arkansas (*see* Dkt. No. 41, at 4).

Further, Nichols takes the position that, unlike in *Worthey*, there are no security concerns presented by this case. The Court disagrees. The Court determines that security concerns from holding the trial in Helena, Arkansas, outweigh the inconvenience of holding the trial in Little Rock, Arkansas. *See Worthey*, 716 F.3d at 1112. One of the considerations in this case is that Nichols is charged with using a deadly or dangerous weapon, that is, a vehicle, to forcibly assault, resist, oppose, impede, intimidate and interfere with a person designated in Title 18 U.S.C. § 1114, that is, an officer and employee of the United States, specifically in this case a Drug Enforcement Administration Task Force Officer (Dkt. Nos. 37, at 4 (second superseding indictment); 20, at 4 (superseding indictment); 3, at 3–4 (indictment)). When it became clear that this case would proceed to trial, the Court consulted with counsel for all parties and the United States Marshals Service's staff regarding trial logistics, including but not limited to specific security concerns given the nature of the case, and made the determination to move the trial to Little Rock, Arkansas.

For these reasons, the Court hereby orders the jury trial to begin at 9:00 a.m., ***Monday, October 26, 2026***, in Courtroom 4D at the Richard Sheppard Arnold United States Courthouse, 500 West Capitol Avenue, Little Rock, Arkansas, 72201.

It is so ordered this 25th day of September, 2026.

Kristine G. Baker
Chief United States District Court Judge