**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**v.** **Case No. 2:24-cr-00036 KGB**

**ELBERT NICHOLS** **DEFENDANT**

# ORDER

Defendant Elbert Nichols is scheduled for a jury trial on October 26, 2026. Pending before the Court is Nichols's motion *in limine* to exclude evidence of prior convictions and response to the government's 404(b) and 902(11) notices (Dkt. No. 48). Also pending before the Court are the government's notice of intent to present video evidence (Dkt. No. 51) and motion to dismiss Counts Two and Three of the Second Superseding Indictment (Dkt. No. 55). Nichols filed a response in opposition to the government's notice of intent to present video evidence (Dkt. No. 57). On October 23, 2026, the government held a hearing and heard argument on the pending motions. Nichols appeared with counsel. The Court discussed these matters with counsel and Nichols at the hearing on October 23, 2026, and now makes final the following rulings.

## I. Background

The government alleges that, on May 9, 2024, agents attempted a traffic stop of Nichols in West Memphis, Arkansas; that he fled, striking police vehicles and driving through a fence before being apprehended; and that an inventory search of his vehicle yielded suspected fentanyl, methamphetamine, a digital scale, and a .40 caliber pistol located in a backpack in the rear hatch area of the vehicle (Dkt. No. 48, at 1). The government charged Nichols in a Second Superseding Indictment (Dkt. No. 37). Nichols asserts that the government has provided him two pretrial notices concerning Nichols's criminal history: (1) under Federal Rule of Evidence 902(11), it gave

notice of intent to introduce, through written custodial certifications, five packets of certified prior-conviction records; and (2) under Federal Rule of Evidence 404(b), the government gave notice of intent to present evidence of Nichols's prior conviction for being a felon in possession of a firearm (Dkt. No. 48, at 1–2). According to Nichols's motion, the government maintains the prior conviction arose out of the United States District Court for the Middle District of Tennessee in Case Number 3:05-cr-00140, and the government argues that the prior firearm conviction is admissible to prove knowledge and intent to possess the firearm in this case (*Id.*, at 2). Nichols challenges pretrial certain anticipated evidence, testimony, and argument.

## II. Motion To Dismiss Counts Two and Three of the Second Superseding Indictment

The government filed a motion to dismiss Counts Two and Three of the Second Superseding Indictment (Dkt. No. 55). Nichols did not oppose the motion. The Court grants the motion (*Id.*). Counts Two and Three of the Second Superseding Indictment are dismissed without prejudice (Dkt. No. 37).

## III. Nichols's Motion *In Limine* To Exclude Names, Nature, And Details Of Prior Convictions

First, Nichols seeks to exclude *in limine* the names, nature, and details of the prior felony conviction arguing that he offered to stipulate to the offense (Dkt. No. 48, at 3–4). Nichols argues that, "[t]o the extent the Government intends to use any of these records to prove prior-felony status element, evidence of the name or nature of a prior offense generally carries a risk of unfair prejudice, and that risk is especially obvious where the prior conviction was for a gun crime or an offense similar to the pending charge." (Dkt. No. 48, at 3 (citing *Old Chief v. United States*, 519 U.S. 172 (1997)). Nichols "invokes the protection" of *Old Chief* and "offers to stipulate that he has a prior conviction punishable by imprisonment for a term exceeding one year, in satisfaction

of any prior-felony status element, without disclosure of the name, nature, number, dates, or sentences of the underlying offenses." (*Id*., at 4).

The government opposes the motion and offers a limiting instruction with respect to Nichols's prior convictions.

The Court understands this to be an objection by Nichols pursuant to Federal Rules of Evidence 401, 402, and 403, as well as 404(b). The Court denies Nichols's motion *in limine* opposing Rule 404(b) evidence and declines to exclude such evidence *in limine* (Dkt. No. 48); the Court will rule on contemporaneous objections to the evidence at trial.

Rule 404(b) is a rule of inclusion, prohibiting only evidence that tends solely to prove a defendant's criminal disposition. *United States v. Yellow*, 18 F.3d 1438, 1441 (8th Cir. 1994). The rule permits the admission of such evidence to prove "motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." Fed. R. Evid. 404(b); *United States v. Oaks*, 606 F.3d 530, 538 (8th Cir. 2010). To be admissible as Rule 404(b) evidence, the evidence must be: "(1) relevant to a material issue; (2) proved by a preponderance of the evidence; (3) higher in probative value than in prejudicial effect; and (4) similar in kind and close in time to the crime charged." *United States v. Jones*, 990 F.2d 1047, 1050 (8th Cir. 1993), *cert. denied*, 510 U.S. 1048 (1994) (quotations omitted). A district court has "broad discretion" when deciding whether to admit evidence of other crimes or bad acts. *United States v. Mihm*, 13 F.3d 1200, 1204 (8th Cir. 1994).

When a defendant raises a general denial defense, he "places [his] state of mind at issue." *United States v. Gipson*, 446 F.3d 828, 831 (8th Cir. 2006) (citing *United States v. Jackson,* 278 F.3d 769, 771 (8th Cir. 2002)); *see also United States v. Thomas*, 58 F.3d 1318, 1322 (8th Cir. 1995) (examining general denial defense). "[E]vidence of prior possession of drugs, even in an

amount consistent only with personal use, is admissible to show such things as knowledge and intent of a defendant charged with a crime in which intent to distribute drugs is an element." *Id.* (citations omitted). The Eighth Circuit also has approved admission of a defendant's prior armed robbery conviction as "other crimes" evidence to prove defendant's knowledge or intent in prosecution for being felon in possession of a firearm when defendant asserted a general denial defense; both offenses involved defendant's possession of a firearm; the only evidence of the prior crime admitted was the fact of conviction and that defendant was armed; even though the prior offense occurred 18 years before the possession offense that was the subject of the trial, given that defendant was incarcerated for 10 of those years; and the trial Court gave a limiting jury instruction that the jury could consider the evidence of the prior crime only on the issue of knowledge or intent. *United States v. Walker*, 470 F.3d 1271, 1273–76 (8th Cir. 2006); *see also United States v. Strong*, 415 F.3d 902 (8th Cir. 2005) (admitting "other crimes" evidence with a 16 year interval). In this case, Nichols asserts a general denial defense. The government asserts a proper purpose for seeking admission of the Rule 404(b) evidence in this case.

The Court also understands the potential prejudice Nichols relies upon is the risk of the jury improperly reasoning that possessing a gun before shows Nichols was more likely to have a gun again. However, "the presence of a limiting instruction diminishes the danger of any unfair prejudice from the admission of other acts." *United States v. Franklin*, 250 F.3d 653, 659 (8th Cir. 2001). Here, the government offers a limiting instruction.

For these reasons, the Court denies Nichols's motion *in limine* to exclude Rule 404(b) evidence and declines at this stage to exclude such evidence *in limine* (Dkt. No. 48), but the Court will rule on contemporaneous objections to this evidence at trial.

**IV. Rule 902(11)**

Nichols seeks to preserve objections to other evidence that may be admitted at trial under Federal Rule of Evidence 902(11). At the pre-trial hearing, the government stated that it would be introducing the 902(11) evidence through a Tennessee Department of Correction employee. Accordingly, to the extent that Nichols seeks an *in limine* ruling on any potential objection, the Court denies Nichols's motion. The Court will rule on contemporaneous objections to this evidence at trial.

### V. Nichols's Motion *In Limine* To Exclude Rule 609 Impeachment Without A Ruling Outside The Presence Of The Jury

Nichols argues that, should he testify, a prior felony conviction is admissible to impeach him only if its probative value outweighs its prejudicial effect (Dkt. No. 48, at 7). Nichols requests that, should the government wish to raise any Rule 609 impeachment, the Court require the government to first raise it at a hearing outside the presence of the jury. The Court directs the government first to seek a ruling outside the presence of the jury on any anticipated Rule 609 impeachment evidence the government intends to offer during its cross examination of Nichols, should Nichols opt to testify at trial. Further, the Court will rule on contemporaneous objections to this evidence at trial.

### VI. Notice of Intent to Introduce Audio/Visual Recording at Trial

The Court next turns to the government's notice of intent to present video evidence (Dkt. No. 51) and Nichols's response in opposition to the notice (Dkt. No. 57). The government seeks to introduce video evidence of a confidential informant allegedly buying controlled substances from Nichols and an accompanying transcript (hereinafter "CI") (Dkt. No. 51). Nichols asserts that the video recordings, audio recordings, and all accompanying written transcripts should be excluded as evidence because: (1) the confidential informant's recorded statements are inadmissible hearsay; (2) the confidential informant's statements and the investigating officer's

recorded narration are testimonial and their admission would violate Nichols's rights under the Confrontation Clause of the Sixth Amendment; (3) the government cannot lay an adequate foundation for authentication and the recordings are substantially unintelligible; (4) the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion, and misleading the jury; and (5) the government's prepared transcripts are not evidence and should not be given to the jury or read aloud (Dkt. No. 57, at 1–2).

The government argues that Nichols's statements are admissible under Federal Rule of Evidence 402 because they are relevant to the crime charged and are admissible hearsay under Federal Rule of Evidence 801(d)(2)(A) because they are admissions of a party-opponent. The Court agrees.

The government also asserts that the CI's statements are nontestimonial and do not violate the Confrontation Clause (Dkt. No. 51, at 4 (citing *United State v. Jones*, 74 F.4th 941, 952 (8th Cir. 2023)). Additionally, according to the government, the CI's statements are not being offered for the truth of the matter asserted; rather they are being offered for context for the statements made by Nichols. *See United States v. White*, 962 F.3d 1052, 1055 (8th Cir. 2020) (holding that defendant's statements on tape recording are admissible as admissions of a party-opponent and that the statements of the other party on the tape are admissible because they were not offered for the truth of the matter but instead to put the defendant's statements into context; the statements of the other party therefore are nontestimonal and not hearsay); *United States v. Spencer,* 592 F.3d 866, 878–79 (8th Cir. 2010) (same). Based on the controlling case law, the Court agrees with the government. The CI's statements are not being offered for the truth of the matter asserted but instead are being offered as context for Nichols's statements; therefore, the CI's statements are nontestimonial and not hearsay.

With respect to the investigating officer's recorded narration which Nichols seeks to exclude, the Court understands that the government intends to offer this evidence through testimony of a government agent who observed the events in real time, will testify at trial, and will be subject to cross examination.

The Court determines on the record before it that the audio and visual recordings are admissible if the government proceeds as it represented it would in presenting this evidence through testimony of a government agent who observed the events in real time and can offer witnesses to prove that the person speaking with the CI is Nichols. The Court will give an appropriate limiting instruction to the jury on consideration of the transcript and will safeguard the proof that goes back with the jury during its deliberation.

For these reasons, the Court declines at this stage to exclude such evidence *in limine*, but the Court will rule on contemporaneous objections to this evidence at trial.

**VII. Evidence With Regarding To Alleged Events On April 18 And May 1, 2024**

At the pretrial conference conducted October 23, 2026, Nichols orally moved to exclude all evidence with regard to the alleged events on April 18 and May 1, 2024, and specifically the alleged events that were described in now-dismissed Counts Two and Three of the Second Superseding Indictment (Dkt. No. 37, at 1–2). The government seeks to reserve its right to admit such evidence as intrinsic evidence or *res gestae* of the case.

The Eighth Circuit Court of Appeals has explained:

> Generally, extrinsic "evidence of other crimes committed by a defendant is inadmissible" under Federal Rule of Evidence 404(b). *United States v. Moore*, 735 F.2d 289, 292 (8th Cir. 1984). But other crimes or bad acts "that form the factual setting of the crime in issue" are admissible as relevant, intrinsic evidence, as those acts are "'inextricably intertwined' with the crime charged." *United States v. Heidebur*, 122 F.3d 577, 579 (8th Cir. 1997) (citations omitted).

> Thus, this Court has "recognized that '[a] jury is entitled to know the circumstances and background of a criminal charge,' and [we have] permitted the introduction of evidence 'providing the context in which the crime occurred, i.e. the *res gestae*.'" *United States v. LaDue*, 561 F.3d 855, 857 (8th Cir. 2009) (first alteration in original) (citation omitted). "[W]hen evidence of other crimes is so blended or connected. . . ; or explains the circumstances [of the crime charged]; or tends logically to prove any element of the crime charged, it is admissible as an integral part of the immediate context of the crime charged." *United States v. Fleck*, 413 F.3d 883, 890 (8th Cir. 2005) (citation omitted). Because a jury "cannot be expected to make its decision in a void—without knowledge of the time, place, and circumstances of the acts which form the basis of the charge," *res gestae* evidence is relevant and admissible. *Moore*, 735 F.2d at 292. "In felon-in-possession cases, we have defined the scope of the *res gestae* to include the events immediately preceding the defendant's arrest, as well as the circumstances of the arrest itself." *LaDue*, 561 F.3d at 857-58 (citations omitted).

*United States v. Young*, 129 F.4th 459, 469–70 (8th Cir. 2025); *see also United States v. Parks*, 902 F.3d 805, 813–14 (8th Cir. 2018); *United States v. Johnson*, 463 F.3d 803, 808 (8th Cir. 2006).

Even if this evidence were Rule 404(b) evidence, such evidence of other wrongs, although inadmissible to show that a person acted in conformity with the prior act, may be admissible for other purposes, including "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). As explained previously in this Order, such evidence is admissible if it is: (1) relevant to a material issue; (2) similar in kind and close in time to the crime charged; (3) proven by a preponderance of the evidence; and (4) if the potential prejudice does not substantially outweigh its probative value. *United States v. Oman,* 427 F.3d 1070, 1075 (8th Cir.2005).

Based upon the Court's limited understanding of the proof, the events of April 18 and May 1, 2024, appear to be intrinsic evidence, inextricably intertwined with the crimes charged. The Court declines at this stage to exclude such evidence *in limine*, but the Court will rule on contemporaneous objections to this evidence at trial.

It is so ordered this 26th day of October, 2026.

Kristine G. Baker
Chief United States District Court Judge